# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROSSY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BISHOP, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01244-LJO-SAB<br><br>ORDER REQUIRING PARTIES TO FILE A JOINT STATEMENT THAT COMPLIES WITH THE SEPTEMBER 18, 2017 ORDER SETTING THE MANDATORY SCHEDULING CONFERENCE<br><br>(ECF No. 5) |

On September 18, 2017, the Court issued an order setting the mandatory scheduling conference in this matter. Due to a motion to dismiss being adjudicated, the mandatory scheduling conference was continued and is currently set for April 24, 2018. On April 17, 2018, the parties submitted a joint scheduling report. Review of the scheduling report demonstrates that it does not comply with the mandatory scheduling order.

As to the form and contents of the joint scheduling report, the September 18, 2017 order provides:

> The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:
> 　1.　Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.
> 　2.　A proposed deadline for amendments to pleadings shall be included. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a motion to amend in accordance with the Local Rules of the Eastern District of California.

1

3. A summary detailing the uncontested and contested facts.
4. A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue, applicable federal or state law, etc., as well as summary of the disputed legal issues.
5. The status of all matters which are presently set before the Court, e.g., hearings of motions, etc.
6. A complete and detailed discovery plan addressing the following:
   a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;
   b. A firm cut-off date for non-expert discovery;
   c. A firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);
   d. A firm cut-off date for expert witness discovery;
   e. Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);
   f. Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;
   g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;
   h. Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery; and
   i. Whether any party anticipates video and/or sound recording of depositions.

The discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. All of these dates should be considered firm dates.

7. Dates agreed to by all counsel for:
   a. Filing non-dispositive and dispositive pre-trial motions with the understanding that motions (except motions *in limine* or other trial motions) will not be entertained after the agreed upon date, which shall be no later than ten (10) weeks prior to the proposed Pre-Trial Conference date.
   b. Pre-Trial Conference Date. (This date shall be no later than forty-five (45) days prior to the proposed trial date.)
   c. Trial date.

All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters under submission before the Pre-Trial Conference is set.

8. The parties are encouraged to discuss settlement, and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, e.g., before further discovery, after discovery, after pre-trial motions, etc.
9. A statement as to whether the case is a jury or non-jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.
10. An estimate of the number of trial days is required. If the parties cannot

agree, each party shall give his or her best estimate.  In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.

11. Whether the parties intend to consent to proceed before a United States magistrate judge. Presently, when a civil trial is set before the district judges in the Fresno Division, any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first.  Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead <u>trail</u> from day to day or week to week until the completion of either the criminal case or the older civil case.   The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

12. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

13. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

(ECF No. 5 at 3:15-5:27.)

Additionally, the parties are to address,

1. <u>Discovery Relating to Electronic, Digital and/or Magnetic Data.</u>  Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Counsel shall also conduct a reasonable review of their respective client's computer files to ascertain the contents thereof, including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses.  A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

2. <u>Duty to Meet and Confer.</u>  The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

    a. <u>Computer-based information (in general):</u> The parties shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation.

    b. <u>E-mail information</u>: The parties shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e-mail messages.

    c. <u>Deleted information</u>: The parties shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

    d. <u>Back-up data</u>: The parties shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

(ECF No. 5 at 6:1-25.)

The parties shall be required to file a joint statement that complies with the September 18, 2017 order.

Accordingly, IT IS HEREBY ORDERED that the parties shall submit a joint statement that complies with the September 18, 2017 order by **noon on April 19, 2018**.

IT IS SO ORDERED.

Dated:  **April 18, 2018**

_____
UNITED STATES MAGISTRATE JUDGE