# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROSSY, MARK GUTIERREZ, JARED WAASDORP, and DOUGLAS MAIRS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BISHOP, CHRIS CARTER, TED STEC, and JIM TATUM,<br><br>Defendants. | Case No. 1:17-cv-01244-SAB<br><br>PRETRIAL ORDER<br><br>Motion *In Limine* Deadlines:<br>Filing: May 24, 2019<br>Response: June 7, 2019<br>Hearing: June 14, 2019, at 10:30 a.m. in Courtroom 9 (SAB)<br><br>Trial Date:<br>June 24, 2019, at 8:30 a.m. in Courtroom 9 (SAB) (4 days) |

This Court conducted a pretrial conference hearing on March 15, 2019. Bryan Rossy ("Rossy"), Mark Gutierrez ("Gutierrez"), Jared Waasdorp ("Waasdorp"), and Douglas Mairs ("Mairs") (collectively "Plaintiffs") appeared by counsel Robert Baumann. City of Bishop ("the City" or "Bishop"), Chris Carter ("Carter"), Ted Stec ("Stec"), and Jim Tatum ("Tatum") (collectively "Defendants") appeared by counsel Laurel Hoehn. On March 14, 2019, the parties consented to the United States magistrate judge for all purposes. Pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule 283, the Court issues this final pretrial order.

/ / /

/ / /

/ / /

1

**I.     JURISDICTION AND VENUE**

This Court has jurisdiction and venue is proper. Jurisdiction in this matter is based upon 28 U.S.C. § 1343(3), conferring jurisdiction to this Court for suits authorized under 42 U.S.C. § 1983, such as Plaintiffs' first and second causes of action, alleged against Defendants Carter, Stec, Tatum, and the City of Bishop. The Eastern District is the proper venue as the alleged wrongs occurred within the City of Bishop, located within the Eastern District's boundaries. There is no dispute as to jurisdiction and venue.

**II.    TRIAL**

Trial will begin on **Monday, June 24, 2019, at 8:30 a.m.** before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB). The trial will be trial by jury. The parties estimate the trial will take four days. The jury will consist of eight jurors with each side having three preemptory strikes.

**III.   FACTS AND EVIDENTIARY ISSUES**

**A.     Undisputed Facts**

The following are the undisputed facts in this matter:

1. Defendant Bishop is a city of approximately 3,700 residents and is situated on the eastern side of the Sierra Nevada mountain range, in Inyo County;
2. Defendant Bishop maintains its own city-operated and city-managed Police Department;
3. Prior to October 2015, Carter was the Police Chief for the City;
4. On September 16, 2015, Plaintiffs prepared and circulated a six-page Letter of No Confidence, alleging corruption by Defendants Carter and Tatum and a councilmember, which was published in local media outlets;
5. The City initiated an investigation into the allegations contained in the Letter and on October 9, 2015, Plaintiffs were given Orders to Appear as witnesses in the investigation;
6. Plaintiffs were represented by legal counsel during their interviews;
7. Subsequent to their interviews as witnesses, Plaintiffs were served with a Notice of

Intent to Discipline;

8. Plaintiffs appealed the intended discipline in a Skelly hearing before Defendant Stec, who, ultimately, upheld the discipline against Plaintiffs, along with numerous allegations against them.

**B.    Disputed Facts**

The following are the disputed facts in this matter:

1. Whether Plaintiffs' rights were violated;
2. Whether Plaintiffs' speech was a substantial or motivating factor for any adverse employment action;
3. Whether Plaintiffs were subjected to any adverse employment actions; and
4. Whether Plaintiffs were damaged.

**C.    Disputed Evidentiary Issues**

Defendants intend on filing motions *in limine* with respect to the following issues:

1. To preclude Plaintiffs from offering improper expert opinions concern economic damages, as Plaintiffs did not designate any expert witness for this purpose;
2. To preclude testimony by witnesses lacking personal knowledge;
3. To preclude Plaintiffs from offering testimony that Danielle Carter is in any way an employee or agent of the City;
4. To exclude any testimony concerning former Chief Carter's participation in outside agency SWAT team;
5. To preclude any testimony concerning discussions that occurred within closed session City Council meetings as privileged; and
6. To preclude Plaintiffs from testifying as to lost overtime and/or lost promotions as speculative.

Plaintiffs do not foresee filing any motions *in limine* at this time but would request this Court to reserve their right to file any substantive motions closer to trial.

/ / /

/ / /

## IV. RELIEF SOUGHT

**A.  Defendants' Position:**

Plaintiffs seek general, special, compensatory, statutory, exemplary, and punitive damages, injunctive relief in the form of reinstatement of "Plaintiff with full back pay and all benefits," despite the fact that no plaintiff was terminated, costs of suit, and attorney's fees as permitted by law.

Defendants deny any liability and that Plaintiffs are entitled to any damages.

Defendants can be considered to have prevailed, for the purpose of attorney's fees under 42 U.S.C. § 1983 if the lawsuit is determined to be "frivolous, unreasonable, or groundless or if the plaintiff continued to litigate after it clearly became so." Christianburg Garmet Co. v. EEOC, 434 U.S. 412 (1978).

**B.  Plaintiffs' Position:**

Plaintiffs do not agree with Defendants' description of the relief sought by Plaintiffs.  In fact, Defendants' denial that "Plaintiffs are entitled to any damages" is diametrically opposed to this Honorable Court's recent holding that "threatening negative action can constitute an adverse employment action even if it is not ultimately carried out." Rossy v. City of Bishop, No. 1:17-CV-01244-LJO-SAB, 2019 WL 859583, at *5 (E.D. Cal. Feb. 22, 2019); see also Ulrich v. City & County of San Francisco, 308 F.3d 968 (9th Cir. 2002), Konig v. Dal Cerro, No. C-04-2210 MJJ, 2005 WL 2649198, at *17 (N.D. Cal. Oct. 11, 2005), aff'd sub nom. Konig v. State Bar of California, 256 F.App'x 900 (9th Cir. 2007).

Plaintiffs seek the following relief:

1. General, special compensatory (including lost wages and benefits), statutory, exemplary, and punitive damages according to proof;

2. Injunctive relief commanding Defendants to rescind the investigation against the Plaintiffs with the removal of all investigative documents from their personnel files;

3. Further injunctive relief commanding Defendants to retroactively provide Plaintiffs with all accommodations they would have otherwise received absent the unlawful conduct by Defendants;

1. 4. Costs of Suit;

2. 5. Attorneys' Fees, at a rate to be approved by the Honorable Court; and

3. 6. Any and all further relief the Honorable Court deems appropriate and necessary.

Plaintiffs continue to assert Defendants' total liability for all conduct described in the operative complaint, and continue to assert entitlement to relief for all damages alleged therein.

Plaintiffs, per their complaint, are requesting attorney's fees if liability is established against the Defendants in accordance with applicable law.

## V. POINTS OF LAW

### A. Retaliation in Violation of First Amendment Rights Under 42 U.S.C. § 1983

Plaintiffs have the burden of proving by a preponderance of the evidence:

1. That Plaintiffs spoke on a matter of public concern;
2. That Plaintiffs spoke as private citizens, and not as public employees;
3. That Defendants took adverse employment actions against Plaintiffs;
4. That Plaintiffs' speech was a substantial or motivating factor in the adverse employment action;
5. The acts of Defendants unreasonably deprived Plaintiffs of their constitutional rights as defined by the First Amendment; and
6. As against the City, that Plaintiffs' constitutional rights were violated by an action taken pursuant to municipal policy, custom, and practice.

Eng v. Cooley, 552 F.3d 1062, 1070-71 (9th Cir. 2009); Ellins v. City of Sierra Madre, 710 F.3d 1049 1056 (9th Cir. 2013), quoting Robinson v. York, 566 F.3d 817, 822 (9th Cir. 2009); Ninth Circuit Manual of Model Jury Instructions Civil, No. 9.1-9.9, Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); and Monell v. Department of Social Services, 436 U.S. 658, 690 (1978).

### B. Qualified Immunity

Qualified immunity as to Defendants Carter, Stec, and/or Tatum depends on "[1] whether [they] violated a statutory or constitutional right, and [2] whether that right was clearly established at the time of the challenged conduct." Ellins, 710 F.3d at 1064 (citations omitted).

**C. Punitive Damages**

Punitive damages may only be awarded where a defendant's behavior was malicious, wanton or oppressive. Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). Further, it is submitted that punitive damages asserted against Carter, Stec, and/or Tatum in their official capacities are improper. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). In this case, it is believed the evidence will clearly demonstrate that Carter, Stec, and/or Tatum acted reasonably under the totality of the circumstances, did not retaliate against any Plaintiff, and that punitive damages are not an appropriate recovery. Plaintiffs contend punitive damages are appropriate given the nature and circumstances of the administrative investigation and subsequent actions taken by Defendants.

**VI. STIPULATIONS**

None.

**VII. AMENDMENTS/DISMISSALS**

None.

**VIII. SETTLEMENT NEGOTIATIONS**

The parties have been engaging in informal settlement discussions and do believe that a court settlement conference would be helpful. The Court shall set a settlement conference by separate order.

**IX. AGREED STATEMENT**

The parties believe that certain stipulated facts, set forth above, constitute the only agreed upon facts at this time.

**X. SEPARATE TRIAL OF ISSUES**

Defendants request that the issue of punitive damages be bifurcated and proceed only if liability is found as against the individually named Defendants in their individual capacities. As is this Court's standard practice, the Court will bifurcate the issue of punitive damages. If the jury finds that any defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

///

### XI. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable as no expert witnesses were designated.

### XII. PRE TRIAL FILING DEADLINES

#### A. Motions *In Limine* and Hearing

Any party may file a motion *in limine*, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). The Court orders the parties to meet and confer to attempt to come to an agreement on any issue before it is presented to the Court in a motion *in limine*. If this Court surmises that the parties have filed motions *in limine* without meaningful, genuine attempts to meet and confer, this Court will strike the motions *in limine* and remove them from calendar.

This Court further orders the parties to file motions *in limine* only with respect to important, critical matters. Most evidentiary issues can be resolved easily with a conference between counsel or with the Court. Motions *in limine* on abstract evidentiary issues or issues more appropriately addressed by the Court on a case-by-case basis (such as a motion *in limine* to exclude all irrelevant evidence) will be looked upon with disfavor.

The parties shall not file separate motions *in limine* for every issue presented to the Court. Rather, each party may file one consolidated motion *in limine* which is subdivided into separate sections for each issue setting forth the legal authority and analysis. The responding party shall file one opposition in response addressing each motion *in limine* issue in a separate section. Counsel are advised that moving and opposition papers must be brief, succinct and well-organized.

The parties, after meeting and conferring, shall file and serve their truly disputed *motions in limine* no later than **May 24, 2019**. Oppositions in response to such motions *in limine* shall be filed and served no later than **June 7, 2019**. This Court will neither accept nor consider reply papers. This Court will conduct a hearing on the motions *in limine* on **June 14, 2019, at 10:30 a.m.** in Courtroom 9 (SAB) of this Court, unless this Court determines that a hearing is not necessary.

#### B. Trial Witnesses

No later than **June 17, 2019**, each party shall file and serve a final witness list, including the name of each witness along with the business address or city of residence for each witness, to the

extent known, and omitting witnesses listed in the joint pretrial statement which the parties no longer intend to call. Only witnesses who are listed in this pretrial order may appear on the final witness list. **The parties may not call any witness that is not on the final witness list unless (1) it is <u>solely</u> for impeachment or rebuttal purposes, (2) the parties stipulate, (3) additional witnesses are required in light of the Court's ruling on a motion *in limine*[1], or (4) it is necessary to prevent "manifest injustice."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

During trial, the parties' counsel are obligated to provide opposing counsel, by the close of the trial day, the names of the witnesses the party intends to call on the next trial day. If evidentiary problems are anticipated, the parties' counsel shall immediately notify the Court that a hearing will be required.

The following is a list of witnesses that the parties expect to call at trial:

1. <u>Plaintiffs Anticipate Calling the Following Witnesses</u>:
    a. Plaintiff Bryan Rossy
    b. Plaintiff Jared Waasdorp
    c. Plaintiff Mark Gutierrez
    d. Plaintiff Doug Mairs
    e. Fred Gomez
    f. Dave Jepson
    g. Brent Gillespie
    h. Rick Pucci
    i. Angela Ramos
    j. Pam Galvin
    k. Tim Winkler
    l. Laura Smith
    m. Dan Nolan

/ / /

---

[1] Any party seeking to add additional witnesses beyond those named in the final witness list in light of the Court's ruling on a motion *in limine* must file a notice with the Court within two (2) days after the Court's order on the motion *in limine*.

8

2. <u>Defendants Anticipate Calling the Following Witnesses</u>:

a. Defendant Chris Carter;

b. Defendant Ted Stec; and

c. City Administrator David Kelly.

The parties are forewarned that <u>every</u> witness they intend to call must appear on their own witness list. The mere fact that a witness appears on the opposing party's witness list is not a guarantee that the witness will be called at trial or otherwise be available for questioning by other parties. Each party must undertake independent efforts to secure the attendance of <u>every</u> witness they intend to call at trial.

**C.     Exhibits**

As noted below, no later than **June 17, 2019**, the parties shall file and serve their final exhibit list and pre-marked exhibits.

1. <u>Pre-Marked Exhibits</u>:

All exhibits must be pre-marked with an exhibit sticker or other legible numbering/lettering. If the individual exhibit includes multiple pages and is not easily identified as to each page (i.e., Bates stamp numbering), then the exhibit must be page numbered. This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence. Each individual "original" exhibit that will be submitted to the jury must be stapled/fastened so that the exhibit does not become separated. Further, exhibits submitted to the jury must be pre-marked on the front page <u>only</u> in the manner described above. Impeachment or rebuttal evidence need not be pre-marked. However, evidence of bias, extrinsically introduced, must be pre-marked.

**a.     Joint Exhibits**: Joint exhibits are those exhibits which all parties agree may be admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence. Joint exhibits must be pre-marked with the designation "[J]" (e.g., J-1, J-2, etc.). Those exhibits may be introduced at any time during the course of the trial. However, unless the parties agree otherwise on the record, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence. If an exhibit is not admitted by any

party, the exhibit will not be given to the jury despite its "joint" designation as an exhibit.

**b.** **Plaintiffs' Exhibits**: Plaintiffs' exhibits must be pre-marked using **numbers** beginning with 100 (e.g., 100, 101, 102, etc.).

**c.** **Defendants' Exhibits**: Defendants' exhibits must be pre-marked using **numbers** beginning with 200 (e.g., 200, 201, 202, etc.).

2. <u>Exchange and Filing of Exhibits List and Exhibits</u>

No later than **May 27, 2019**, the parties shall exchange their proposed exhibits to the extent they have not done so. The parties' counsel shall meet and conduct an exhibit conference no later than **June 1, 2019,** to pre-mark and examine trial exhibits and to prepare exhibit lists. No later than **June 17, 2019**, the parties shall file and serve their final exhibit list and pre-marked exhibits.

The parties are required to prepare **two (2) complete, legible and identical sets of exhibits in binders**. Within the binders, the pre-marked exhibits must be separately tabbed and assembled in sequential order. The binders shall be delivered as follows:

**a.** **Two (2) binder sets** shall be delivered to Courtroom Clerk Mamie Hernandez (one for use by the Court and one for use at the witness stand) on or before **June 17, 2019**; and

**b.** **Each side shall have a complete set of all exhibits for their own use**.

Additionally, at the conclusion of each day of trial, the parties shall be required to provide the Court with a copy of the exhibits that were admitted into evidence that day.

3. <u>Exhibits</u>

The following is a list of documents or other exhibits that the parties expect to offer at trial. As set forth above, exhibits must be pre-marked. <u>See</u> discussion, <u>supra</u>, Part XII.C.1. No exhibit, other than those listed in this section, may be admitted unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**a.** **Plaintiffs' Exhibits**

i. Plaintiffs' September 16, 2015, Letter of No Confidence;

ii. IA Full Investigative Report dated September 2, 2016;

iii. Plaintiffs' Internal Investigation Order to Appear dated October 2, 2015 and October

|   |      |                                                                                              |
|---|------|----------------------------------------------------------------------------------------------|
| 1 |      | 9, 2015;                                                                                     |
| 2 | iv.  | Plaintiffs' Notice of Intent to Discipline dated September 6, 2016 and September 7, 2016;    |
| 4 | v.   | Plaintiffs' Notice of Discipline (Skelly Response) dated November 22, 2016;                  |
| 5 | vi.  | City of Bishop paycheck stubs for Plaintiff Mark Gutierrez;                                  |
| 6 | vii. | Inyo County paycheck stubs for Plaintiff Mark Guiterrez;                                     |
| 7 | viii.| Deposition transcript of Plaintiff Bryan Rossy;                                              |
| 8 | ix.  | Deposition transcript of Plaintiff Mark Gutierrez;                                           |
| 9 | x.   | Deposition transcript of Plaintiff Jared Waasdorp; and                                       |
|10 | xi.  | Deposition transcript of Plaintiff Doug Mairs.                                               |

**b.    Defendants' Exhibits**

- i. Plaintiffs' September 16, 2015, Letter of No Confidence;
- ii. Bishop Police Department Manual;
- iii. Personnel file of Plaintiff Bryan Rossy;
- iv. Personnel file of Plaintiff Mark Gutierrez;
- v. Personnel file of Plaintiff Jared Waasdorp;
- vi. Personnel file of Plaintiff Doug Mairs;
- vii. CalPERS Statement for Chris Carter reflecting October 1, 2015 retirement date;
- viii. 2015-2018 Bishop Police Department, Memorandum of Understanding;
- ix. City of Bishop Civil Service Rules and Regulations;
- x. September 2, 2016 IA Full Investigative Report;
- xi. Deposition transcript of Plaintiff Bryan Rossy;
- xii. Deposition transcript of Plaintiff Mark Gutierrez;
- xiii. Deposition transcript of Plaintiff Jared Waasdorp; and
- xiv. Deposition transcript of Plaintiff Doug Mairs.

If the parties intend to use copies of exhibits or evidence at trial, those copies must be legible. The Court may *sua sponte* exclude illegible copies from evidence.

///

4. Responses to Discovery Requests

The parties may admit responses to discovery requests[2] into evidence. The parties shall file and serve a list of all responses to discovery requests intended to be used at trial no later than **June 17, 2019.** The list shall identify the responses to discovery requests by title and set number.

If a party seeks to admit a physical copy of the discovery responses into evidence at trial, the discovery responses must be pre-marked as an exhibit in the same manner discussed above. See discussion, supra, Part XII.C.1. Alternatively, if the party intends to read relevant portions of the discovery responses into evidence, a copy of the discovery responses must be lodged with the Court no later than **June 17, 2019.** The Court will address objections to discovery responses as they arise during trial.

Even though discovery is closed, all parties are reminded of their continuing obligation to update their prior discovery responses if they obtain new information or is otherwise made aware that a prior discovery response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**If a party attempts to admit or use for any purpose evidence that (1) was not previously disclosed during discovery and (2) should have been disclosed as an initial disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the Court will prohibit that party from admitting or using for any purpose that evidence at trial, unless the failure was substantially justified or was harmless. See Fed. R. Civ. P. 37(c)(1).**

5. Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than June 10, 2019.** Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than June 17, 2019.** The original certified transcript of any deposition identified in a designated or counter-designation shall be lodged with the clerk's office **no later than June 17, 2019**, if not previously lodged with the Court.

/ / /

---

[2] Responses to discovery requests include responses to depositions by written questions (Fed. R. Civ. P. 31), interrogatories (Fed. R. Civ. P. 33) and requests for admissions (Fed. R. Civ. P. 36).

12

Defendants' designate the following deposition excerpts.

a. Plaintiff Bryan Rossy, 22:1-3; 22:7-23:1; 24:3-5; 31:15-21; 36:18-20; 50:1-3; 53:1-9; 36:18-20; 49:14-16; 33:1-11;

b. Plaintiff Mark Gutierrez, 20:1-5; 24:11-13; 24:24-25:7; 40:4-10, 40:17-21; 41:21-42:5; 49:21-24;

c. Plaintiff Jared Waasdorp, 20:23-21:4; 26:16-17; 30:21-31:3; 33:11-34:6; 42:10-12, 55:10-12, 56:5-11; and

d. Plaintiff Doug Mairs, 20:7-15; 21:13-15; 22:13-21; 43:23-44:12.

Plaintiffs intend on using all of the deposition excerpts listed by Defendants. In addition, Plaintiffs intend on using the following deposition excerpts:

a. Plaintiff Gutierrez: 40:17-40:24; 22:1-22:19; 42:3-43:10; and 48:7-48:18;

b. Plaintiff Mairs: 23:23-24:15; 31:20-32:23; 36:13-38:11; 44:7-45:6; 45:18-46:5; Exhs. A, B, C, & D;

c. Plaintiff Rossy: 16:15-18:21; 23:22-24:2; 25:19-26:9; 26:24-28:12; 33:8-33:17; 37:19-39:15; 41:10-42:4; 45:8-45:25; 50:1-50:11; 53:1-53:14; and 54:4-7; and

d. Waasdorp Depo 34:17-36:12; 40:20-42:9; and 44:3-55:22.

If any party intends to admit relevant portions of deposition testimony into evidence, the relevant deposition testimony must be pre-marked as an exhibit in the same manner discussed above. See discussion, supra, Part XII.C.1. However, any party may request that deposition testimony offered for any purpose other than impeachment be presented in nontranscript form, if available. See Fed. R. Civ. P. 32(c).

The Court will address objections to deposition testimony as they arise during trial.

6. Duty of the Parties' Counsel

The Court respects the jury's time and expects issues that must be presented outside the jury's presence to be raised such that the jury's service is not unnecessarily protracted. To the extent possible, the parties shall raise issues that must be presented to the Court outside of the jury's presence (1) in the morning before the jury sits, (2) during breaks, (3) in the afternoon after the jury is excused or (4) during any other appropriate time that does not inconvenience the jury. For

example, if evidentiary problems can be anticipated, the parties should raise the issue with the Court before the jury sits so that there is no delay associated with specially excusing the jury. Issues raised for the first time while the jury is sitting when the issue could have been raised earlier will be looked upon with disfavor and counsel may be sanctioned for any fees, costs or other expenses caused by their failure to raise the issue at a more convenient time.

      7.     <u>Post Trial Exhibit Retention</u>

Pursuant to Local Rule 138(f), the Court will order that custody of all exhibits used, referenced and/or admitted at trial be returned to the party who initially marked the exhibit, irrespective or who used, reference or admitted the exhibit at trial. The exhibits shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. Joint Exhibits will be returned to Plaintiff unless otherwise agreed to by the parties in writing or on the record. If a party wishes another method for exhibit retention, then such alternative method must be raised prior to the return of the exhibits.

**D.    Trial Briefs**

Trial briefs shall be filed and served no later than **June 17, 2019.**[3] The form and content of the trial brief must comply with Local Rule 285. Special attention shall be given in the trial brief to address reasonably anticipated disputes concerning the substantive law, jury instructions and/or admissibility of evidence. Local Rule 285(a)(3). The parties need not include in the trial brief any issue that is adequately addressed in a motion *in limine* or in an opposition brief to a motion *in limine*.

**E.    Joint Jury Instructions**

The parties shall serve their proposed jury instructions on each another no later than **June 3, 2019**. The parties must conduct a conference to address their proposed jury instructions and shall reach agreement on the jury instructions to be given at trial. The parties shall file their joint proposed jury instructions with the Court no later than **June 17, 2019**.

If any party proposes additional jury instructions that are not agreed upon by all parties, such

---

[3] The deadline set for trial briefs set in this order shall supersede the deadline set in Local Rule 285(a).

proposed jury instructions shall be filed with the Court no later than **June 17, 2019**. Each party may file up to ten (10) proposed jury instructions and identify such as jury instructions upon which all parties could not agree. Unless prior leave is granted, the Court will not consider additional proposed jury instructions beyond the first ten (10).

All proposed jury instructions shall (1) indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's or Defendants'), (2) be numbered sequentially, (3) include a brief title for the instruction describing the subject matter, (4) include the text of the instruction, and (5) cite the legal authority supporting the instruction. If the proposed jury instruction is based on the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions, the proposed jury instruction shall also include a citation to that specific instruction.

All proposed jury instructions shall be e-mailed in Word® format to saborders@caed.uscourts.gov no later than **June 17, 2019. Jury Instructions will not be given or used unless they are so e-mailed to the Court**.

**The Court will not accept a mere list of numbers associated with form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. Any blank fields in the form instructions must be filled-in before they are submitted to the Court. Irrelevant or unnecessary portions of form instructions must be omitted.**

Ninth Circuit Model Jury Instructions **shall** be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions **shall** be used where the subject of the instruction is covered by CACI or BAJI. **All instructions shall be short, concise, understandable, and consist of neutral and accurate statements of the law. Argumentative or formula instructions will not be considered.**

If any party proposes a jury instruction that departs from the language used in the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions, that party shall, by italics or underlining, highlight the differences in language and must cite the legal authority supporting the modification.

No later than **June 19, 2019**, the parties shall file and serve written objections to any disputed jury instructions proposed by another party. All objections shall be in writing and (1) shall set forth the proposed instruction objected to in its entirety, (2) shall specifically set forth the objectionable matter in the proposed instruction, and (3) shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

### F. Joint Proposed Verdict Form

The parties shall serve their proposed verdict form on one another no later than **June 3, 2019** and shall conduct a conference to address their proposed verdict forms. At the conference, the parties shall reach an agreement on the verdict form for use at trial. The parties shall file the joint proposed verdict form, **no later than June 17, 2019.**

The joint proposed verdict form shall also be e-mailed as a Word® attachment to saborders@caed.uscourts.gov no later than **June 17, 2019. Joint proposed verdict forms will not be used unless they are so e-mailed to the Court**.

### G. Proposed Jury *Voir Dire*

Proposed *voir dire* questions, if any, shall be filed on or before **June 17, 2019**, pursuant to Local Rule 162.1(a). The parties each are limited to fifteen (15) minutes of jury *voir dire*, unless this Court determines more time is warranted.

### H. Joint Neutral Statement of the Case

The parties shall prepare a joint neutral statement of the case for use during jury *voir dire* and in the initial instructions given to the jury prior to opening statements. The joint neutral statement of the case shall briefly describe the case, including the relevant claims and defenses. The joint neutral statement shall be filed and served no later than **June 17, 2019**.

The parties submit the following joint statement of the case.

This case is a civil lawsuit. The plaintiffs are three current and one former police officer for the City of Bishop Police Department. The Defendants are the City of Bishop, former Police Chief CARTER, Police Chief STEC, and City Manager TATUM.

Plaintiffs claim that Defendants violated their civil rights in violation of federal law, Section 1983 of Title 42 of the United States Code. Specifically, Plaintiffs claim that Defendants retaliated against them because they engaged in their right to free speech protected by the First Amendment to the United States Constitution by circulating and publishing a Letter of No Confidence against former Chief Carter and Stec.

Defendants City of Bishop, Former Police Chief Chris Carter, Police Chief Ted Stec, and City Manager Jim Tatum claim they acted lawfully and did not retaliate against Plaintiffs based on Plaintiffs' protected speech. They further dispute the nature and extent of Plaintiffs' claimed damages.

### XIII. ASSESSMENT OF JURY COSTS FOR FAILURE TO TIMELY NOTIFY COURT OF SETTLEMENT

The parties must immediately notify the Court of any agreement reached by the parties which resolves this litigation in whole or in part. Local Rule 160(a). The parties must advise the Court of settlement <u>immediately</u>, but must do so no later than 4:30 p.m. (Pacific Time) on **June 20, 2019.** If, for any reason attributable to counsel or parties, including settlement, the Court is unable to commence a jury trial as scheduled when a panel of prospective jurors has reported for *voir dire*, the Court may assess against counsel or parties responsible all or part of the cost of the panel. Local Rule 272(b). Jury costs will include attendance fees, per diem, mileage, and parking. If the parties request a continuance after the jury has been called, the Court may assess jury costs as a condition for the continuance.

### XIV. COMPLIANCE WITH THIS ORDER

Strict compliance with this order and its requirements is mandatory. This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to jury instructions and verdict forms. Failure to comply with all provisions of this order may be grounds for the imposition of sanctions, including possible dismissal of this action or entry of default, on any counsel as well as on any party who causes non-compliance with this order. This order shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Moreover, this order supersedes the parties' pretrial statement and controls the conduct of

further proceedings irrespective of any purported rights the parties claim to reserve in their pretrial statement.

## XV. OBJECTIONS TO PRETRIAL ORDER

Any party may file and serve written objections to any of the provisions of this order on or before **March 18, 2019**. Such objections shall specify the requested modifications, corrections, additions or deletions.

## XVI. USE OF ELECTRONIC EQUIPMENT IN COURTROOM

Any party wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Clerk Mamie Hernandez at (559) 499-5672 or mhernandez@caed.uscourts.gov at least **two (2) weeks** before the start of trial in order to schedule a tutorial session at a time convenient to the Court's Information Technology staff. The parties need to coordinate so everyone who is interested can attend the IT conference, the Court will hold only one conference per case. The parties shall confer and advise the Courtroom Deputy Clerk Mamie Hernandez of the date and time that has been agreed upon. The parties will not be provided any training on the day of or during the course of the trial.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

## XVII. OTHER INFORMATION

Additional information describing this Court's expectations regarding attorney conduct and decorum during all proceedings before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there are links to "Standard

Information" and "Trial Conduct and Decorum."  All parties and counsel shall comply with the guidelines set forth therein.  However, in the event that there is a conflict between this order and the information on the Court's website, this order shall supersede the information on the Court's website.  Furthermore, additional information can be found on the Court's link including the Court's "Jury Selection Procedures" in civil juries.

IT IS SO ORDERED.

Dated:   **March 15, 2019**

_____
UNITED STATES MAGISTRATE JUDGE