# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROSSY, MARK GUTIERREZ, JARED WAASDORP, and DOUGLAS MAIRS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BISHOP, CHRIS CARTER, TED STEC, JIM TATUM, and PAT GARDNER,<br><br>Defendants. | Case No. 1:17-cv-01244-SAB<br><br>ORDER DISREGARDING NOTICE OF VOLUNTARY DISMISSAL<br><br>(ECF No. 70)<br><br>SEVEN DAY DEADLINE |

Plaintiffs Bryan Rossy, Mark Gutierrez, Jared Waasdorp, and Douglas Mairs filed this action against Defendants City of Bishop, Chris Carter, Ted Stec, Jim Tatum, and Pat Gardner on September 15, 2017. (ECF No. 1.) After an order denying Defendants' motion to dismiss was filed, Defendants filed an answer to the complaint on April 17, 2018. (ECF Nos. 18, 20.)

On February 22, 2019, the district judge issued an order granting in part and denying in part Defendants' motion for summary judgment after which the parties consented to the jurisdiction of a United States magistrate judge and the action was reassigned to the undersigned. (ECF Nos. 49 55, 56, 58.) On May 15, 2019, the parties engaged in a settlement conference before United States Magistrate Judge Barbara A. McAuliffe during which they reached a settlement agreement and they were ordered to file dispositional documents by May 29, 2019. (ECF No. 59.)

On May 28, 2019, the parties lodged their settlement agreement. (ECF No. 68.) On May 29, 2019, an order issued directing the parties to file dispositional documents within seven days. (ECF No. 69.) On June 4, 2019, Plaintiffs filed a notice of voluntary dismissal of Defendant Tatum pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[1] (ECF No. 70.)

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). Rule 41(a) also allows a party to dismiss some or all of the defendants in an action through a Rule 41(a) notice. Wilson, 111 F.3d at 692.

Here, Plaintiff filed a notice of dismissal pursuant to Rule 41(a), however the form itself informs that a dismissal under 41(a) must be before service of an answer or or motion for summary judgment. Defendants have filed an answer and a motion for summary judgment, so Plaintiffs cannot voluntarily dismiss a defendant pursuant to Rule 41(a)(1)(A)(i).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The notice of motion filed is not a stipulation signed by all parties who have appeared so it is not a dismissal under Rule 41(a)(1)(A)(ii).

A party may also dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

Plaintiffs' notice of voluntary dismissal is defective under Rule 41(a) because it is not a signed stipulation by all parties who have appeared and it is not a motion under Rule 41(a)(2). If Plaintiffs wish to dismiss Defendant Tatum from this action, they are required to comply with the procedures set forth in Rule 41 by filing a stipulation that complies with Rule 41(a)(1)(A)(ii) or a motion under

---

[1] The form used by Plaintiffs also refers to Rule 41(c) which provides that counterclaims, cross-claims and third-party claims may be dismissed. However, there are no such claims raised in this action.

Rule 41(a)(2).

Accordingly, Plaintiffs' notice of dismissal pursuant to Federal Rules of Civil Procedure 41(a) or (c) is HEREBY DISREGARDED. Plaintiffs shall file a request for dismissal of Defendant Tatum that complies with Rule 41 within **seven (7) days** from the date of entry of this order.

IT IS SO ORDERED.

Dated: **June 5, 2019**

UNITED STATES MAGISTRATE JUDGE